1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  DAVID ZWIRN,                              No.  2:16-cv-2853 CKD P

12              Plaintiff,

13        v.                                  ORDER

14  A. RUGGIERO,

15              Defendant.

16

17        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18  § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19  proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and

20  plaintiff has consented to have all matters in this action before a United States Magistrate Judge.

21  See 28 U.S.C. § 636(c).

22        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

23  1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

24        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

25  1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect

26  twenty percent of the preceding month's income credited to plaintiff's prison trust account and

27  forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00,

28  until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1

1   The court is required to screen complaints brought by prisoners seeking relief against a
2   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
3   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
4   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
5   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

6   The court has conducted the required screening and finds that plaintiff's complaint states a
7   claim upon which relief could be granted arising under the Eighth Amendment against defendant
8   Ruggiero for use of excessive force on February 17, 2016.  In all other respects, plaintiff's
9   complaint is too vague to state actionable claims.

10   At this point, plaintiff has two options:  1) he may either proceed only on the claim
11   identified above; or 2) attempt to cure the deficiencies with respect to other claims in an amended
12   complaint.

13   If plaintiff chooses to amend, plaintiff is informed as follows:

14   1.  In order to state a claim for damages, plaintiff must allege facts indicating a causal
15   connection between the actions of a defendant and the injury sustained by plaintiff.  See Barren v.
16   Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998).

17   2.  In order to establish excessive force in violation of the Eighth Amendment, plaintiff
18   must show that he has been subjected to the wanton and unnecessary infliction of pain.  Whitley
19   v. Albers, 475 U.S. 312, 319 (1986).

20   3.  The Eighth Amendment's prohibition of cruel and unusual punishment imposes on
21   prison officials, among other things, a duty to "take reasonable measures to guarantee the safety
22   of the inmates."  Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468
23   U.S. 517, 526-27 (1984)).  An inmate's Eighth Amendment rights can only be violated by a
24   prison official if that official exposes an inmate to a "substantial risk of serious harm," while
25   displaying "deliberate indifference" to that risk.  Id. at 834.

26   4.  Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action
27   shall be brought with respect to prison conditions under section 1983 of this title, . . . until such
28   administrative remedies as are available are exhausted."  42 U.S.C. § 1997(e)(a).

1    Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

2  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

3  complaint be complete in itself without reference to any prior pleading.  This is because, as a

4  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

5  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

6  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

7  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

8    In accordance with the above, IT IS HEREBY ORDERED that:

9    1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is granted.

10    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

11  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

12  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

13  California Department of Corrections and Rehabilitation filed concurrently herewith.

14    3. Plaintiff is granted thirty days to file an amended complaint.  If plaintiff does not file an

15  amended complaint within 30 days, this action will proceed on the Eighth Amendment claim

16  described above against defendant Ruggiero.

17  Dated:  March 16, 2017

18    _____
    CAROLYN K. DELANEY
19    UNITED STATES MAGISTRATE JUDGE

20

21

22  1
23  zwir2853.1

24

25

26

27

28

3